1  MATTHEW J. ADLER (SBN 273147)
   DRINKER BIDDLE & REATH LLP
2  Four Embarcadero Center, 27th Floor
   San Francisco California  94111-4180
3  Telephone:  (415) 591-7500
   Facsimile:  (415) 591-7510
4  Matthew.Adler@dbr.com

5  KATHERINE L. VILLANUEVA
   (*pro hac vice* application to be filed)
6  DRINKER BIDDLE & REATH LLP
   One Logan Square, Suite 2000
7  Philadelphia, PA  19103-6966
   Telephone:  (215) 988-2700
8  Facsimile:  (215) 988-2757
   Katherine.Villanueva@dbr.com

10 Attorneys for Defendant
   NEW YORK LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY DAVIS,<br><br>            Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY; AARP INSURANCE COMPANY; and DOES 1-10,<br><br>            Defendants. | Case No. _____<br><br>**DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY OF CITIZENSHIP)**<br><br>San Mateo County Superior Court Case No. 19-civ-00739<br><br>Complaint Filed:  February 4, 2019 |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant New York Life Insurance Company ("New York Life") hereby removes to this Court the state court action described below:

## PLEADINGS

1. On or around February 4, 2019, Plaintiff Troy Davis ("Plaintiff") filed an action in the Superior Court of the State of California, County of San Mateo, entitled *Troy Davis, son of Lamar Davis v. New York Life Insurance Company; AARP Insurance Company, and Does 1 through 40,* Case No. 19-civ-00739 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff has not effected personal service on New York Life. Plaintiff has not attempted to serve any other pleadings, process, or orders on New York Life in the State Court Action. Upon information and belief, Plaintiff has not effected personal service on any other defendants.

3. New York Life's removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days of receipt by New York Life, through service or otherwise, of a copy of the initial pleading.

## JURISDICTION

4. In the Complaint, Plaintiff alleges that New York Life breached the terms of a life insurance policy issued by New York Life on the life of Lamar Davis with "coverage of $100,000." Ex. A at 3. Plaintiff is the alleged beneficiary of the subject policy. *Id*.

5. The relief Plaintiff seeks includes contractual damages, prejudgment interest, and attorneys' fees.

6. **Diversity of Citizenship**. There exists complete diversity among the parties in satisfaction of 28 U.S.C. § 1332 because:

    a. Plaintiff resides in and is a citizen of the State of California. *See* Ex. A at 2 (alleging that contract was to be performed in California).

    b. New York Life was at the time the lawsuit was filed, and is as of the date of this notice, a life insurance company organized under New York law,

maintaining its principal place of business in New York. New York Life is a citizen of New York.

c. Pursuant to 28 U.S.C. § 1441(b), no named defendant is a citizen of the State of California, in which the State Court Action is currently pending.

7. **Amount in Controversy**. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, in satisfaction of 28 U.S.C. § 1332(a).

8. According to the Complaint, Plaintiff seeks $100,000 in proceeds. Ex. A at 3. Plaintiff also seeks interest at a rate of 10% and attorneys' fees. *Id*.

## INTRADISTRICT ASSIGNMENT

9. The United States District Court for the Northern District of California embraces the county and court in which the State Court Action was filed (San Mateo County). 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

10. Pursuant to Civil L.R. 3-2(d), this action is properly assigned to the San Francisco Division or the Oakland Division.

## JOINDER OF ALL DEFENDANTS

11. New York Life is informed and believes, and on that basis alleges, that Defendant AARP Insurance Company has not been served. New York Life is informed and believes, and on that basis alleges, that none of the "Doe" defendants in this action have been named or served. Therefore, it is not necessary to obtain any other defendant's consent to, or joinder in, this removal.

## NOTICE TO STATE COURT AND ADVERSE PARTY

12. Pursuant to 28 U.S.C. § 1446(d), New York Life will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action is currently pending, and will give written notice of the removal of this action to Plaintiff's counsel.

## NO RELATED CASES PENDING

13. To the best of New York Life's knowledge, there are no cases presently pending in this Court that relate to the action that is the subject of this notice of removal.

**WHEREFORE**, New York Life hereby removes the above-captioned action to this Court

from the Superior Court of the State of California in the County of San Mateo. New York Life additionally prays for such other and further relief to which it may be entitled at law or in equity.

Dated: June 14, 2019

DRINKER BIDDLE & REATH LLP

By: /s/ Matthew J. Adler
    Katherine L. Villanueva*
    Matthew J. Adler

Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY
* *pro hac vice* application to be filed

# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James A. Thompson 48782<br>Law Offices of James A. Thompson<br>600 Allerton Street, Suite 200<br>Redwood City, CA 94063<br>TELEPHONE NO.: (650)365-7333 FAX NO.(Optional): (650)365-7735<br>E-MAIL ADDRESS (Optional): james@redwoodlawcenter.com<br>ATTORNEY FOR (Name): Troy Davis | **FILED**<br>**SAN MATEO COUNTY**<br>FEB 0 4 2019<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF: Troy Davis, son of Lamar Davis

DEFENDANT: New York Life Insurance Company, AARP Insurance Company

[X] DOES 1 TO 10

**CONTRACT**
[X] COMPLAINT   [ ] AMENDED COMPLAINT *(Number)*:
[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number)*:

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000 but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | 19-CIV-00739<br>CMP<br>Complaint<br>1632304<br><br>19CIV00739 |

1. **Plaintiff*** *(name or names)*: Troy Davis, son of Lamar Davis (decedent)

   alleges causes of action against **defendant*** *(name or names)*: New York Life Insurance Company and AARP Insurance Company Does 1 to 10
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name)*:
         (1) [ ] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity *(describe)*:
         (3) [ ] other *(specify)*:

   b. [ ] Plaintiff *(name)*:
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

      b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [X] except defendant *(name)*:                                    [ ] except defendant *(name)*:
         New York Live Insurance Company                                 AARP Insurance Company
         (1) [ ] a business organization, form unknown                  (1) [X] a business organization, form unknown
         (2) [ ] a corporation                                          (2) [ ] a corporation
         (3) [ ] an unincorporated entity *(describe)*:                 (3) [ ] an unincorporated entity *(describe)*:

         (4) [ ] a public entity *(describe)*:                          (4) [ ] a public entity *(describe)*:

         (5) [ ] other *(specify)*:                                     (5) [ ] other *(specify)*:

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]   CEB Essential Forms   ceb.com

**COMPLAINT - Contract**

Code of Civil Procedure, § 425.12

Davis, Troy

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Davis v. New York Life Insurance Co., et al. | |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☒ Doe defendants *(specify Doe numbers):* __one (1)__ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☒ Doe defendants *(specify Doe numbers):* __two (2)__ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify)* :

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify)* :

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   ☒ Breach of Contract
   ☒ Common Counts
   ☐ Other *(specify)* :

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $ 100,000.00
    b. ☒ interest on the damages
       (1) ☐ according to proof
       (2) ☒ at the rate of *(specify):* 10 percent per year from *(date)* : 2/6/2017
    c. ☒ attorney's fees
       (1) ☐ of: $
       (2) ☒ according to proof.
    d. ☐ other *(specify)* :

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)* :

Date: February 4, 2019

James A. Thompson
(TYPE OR PRINT NAME)   ▶   *(signature)*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Davis v. New York Life Insurance Co., et al. | |

**First** _(number)_     **CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Troy Davis

    alleges that on or about *(date):* August 14, 2015
    a ☒ written ☐ oral ☐ other *(specify):*
    agreement was made between *(name parties to agreement):*

    ☐ A copy of the agreement is attached as Exhibit A, or
    ☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify):*
    Defendants agreed to provide Life Insurance coverage of $100,000.00 to Plaintiff, Lamar Davis, father of Plaintiff Troy Davis, the beneficiary of the life insurance payable on his father, Lamar Davis' death.

BC-2. On or about *(dates):*
    defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts *(specify):*
    Plaintiff, Troy Davis, sent a demand for payment of the New York Life Insurance Company policy to him, Troy Davis, and said Defendants New York Life Insurance Company and AARP Insurance Company refused payment by letter dated 1/3/2018.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    ☐ as stated in Attachment BC-4 ☒ as follows *(specify):*
    Defendants have refused to honor their life insurance contract with Plaintiff.

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
    ☐ of $
    ☒ according to proof.

BC-6. ☐ Other:

Page 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CEB Essential Forms
ceb.com

Davis, Troy



PLD-C-001(2)

| SHORT TITLE: Davis v. New York Life Insurance Co., et al | CASE NUMBER: |
|---|---|

__Second__ **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Troy Davis

alleges that defendant *(name):* New York Life Insurance Company and AARP Insurance Company

became indebted to  [X] plaintiff  [ ] other *(name):*

- a. [ ] within the last four years
  - (1) [ ] on an open book account for money due.
  - (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

- b. [X] within the last  [X] two years  [ ] four years
  - (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
  - (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff.
    [X] the sum of $ 100,000.00
    [ ] the reasonable value.
  - (3) [X] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
    [X] the sum of $ 100,000.00
    [ ] the reasonable value.
  - (4) [ ] for money lent by plaintiff to defendant at defendant's request.
  - (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
  - (6) [X] other *(specify):*
    life insurance provided by Defendants to Plaintiffs

CC-2. $ 100,000.00 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest  [ ] according to proof  [X] at the rate of  10  percent per year from *(date):*

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

CC-4. [ ] Other:

Page  4

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov



Davis, Troy

