MATTHEW J. ADLER (SBN 273147)
Matthew.Adler@dbr.com
DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco California 94111-4180
Telephone: 415-591-7500
Facsimile: 415-591-7510

KATHERINE L. VILLANUEVA (*pro hac vice*)
Kate.Villanueva@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6966
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY DAVIS,<br><br>              Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY; AARP INSURANCE COMPANY; and DOES 1-10,<br><br>              Defendants. | Case No. 3:19-cv-03403-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     September 12, 2019<br>Time:   11:00 a.m.<br>Ctrm:   3, 17th Floor<br>Judge:  Hon. Richard Seeborg<br><br>Complaint Filed: February 4, 2019 |

Pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, Plaintiff Troy Davis ("Plaintiff") and Defendant New York Life Insurance Company ("NYL" or "Defendant") (collectively, the "Parties") hereby respectfully submit this Joint Case Management Statement in advance of the Case Management Conference set for September 12, 2019.

## 1. JURISDICTION AND SERVICE

Plaintiff has not effectuated service on NYL.[1]  In June 2019, NYL removed the case to this Court.  Jurisdiction is proper under 28 U.S.C. § 1332 because the Parties are diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## 2. FACTS

### 1. Plaintiff's Statement

Plaintiff is the life insurance policy beneficiary whose father, Lamar Davis, was accidently killed as a pedestrian hit by a car.  Lamar Davis' health was not a factor in his death.

### 2. Defendant's Statement

Plaintiff is the beneficiary of a $100,000 life insurance policy issued by NYL in 2015 on the life of Lamar Davis.  On the application for the policy, Mr. Davis answered "no" to all questions regarding his health.  Mr. Davis specifically denied having consulted a doctor or having treatment, medication or diagnostic tests of any type in the 3 months leading up to the application.  Following Mr. Davis' death, NYL discovered that Mr. Davis materially misrepresented his health on the application, and NYL rescinded the policy.  In the complaint, Plaintiff alleged that NYL wrongfully denied his claim for the policy proceeds.  Plaintiff seeks the policy proceeds, attorneys' fees, and 10% interest.

## 3. LEGAL ISSUES

### 1. Plaintiff's Statement

Lamar Davis died only due to the car accident injuries and <u>not</u> due to any other bodily injury.

///

---

[1] NYL is informed and believes, and on that basis alleges, that Defendant AARP Insurance Company has not been served.  NYL is informed and believes, and on that basis alleges, that none of the "Doe" defendants in this action have been named or served.

2. **Defendant's Statement**

This is an action for breach of contract arising from NYL's rescission of a $100,000 life insurance policy issued on the life of Lamar Davis. Plaintiff was the alleged beneficiary of the policy. Plaintiff is not entitled to the proceeds because Mr. Davis materially misrepresented information on the application for the policy.

**4.**  **MOTIONS**

NYL reserves its right to bring dispositive motions, including a motion for judgment on the pleadings and/or summary judgment or partial summary judgment.

**5.**  **AMENDMENT OF PLEADINGS**

At this time, the Parties do not intend to amend their pleadings.

**6.**  **EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties represent that they are complying in good faith with their obligations to preserve potentially relevant evidence.

**7.**  **DISCLOSURES**

The Parties agree to complete the exchange of initial disclosures by September 12, 2019.

**8.**  **DISCOVERY**

No discovery has been undertaken yet. At this time, the Parties do not propose any limitations or modifications of the discovery rules.

**9.**  **CLASS ACTIONS**

Not applicable.

**10.**  **RELATED CASES**

The Parties are not aware of any related cases.

**11.**  **RELIEF**

1. **Plaintiff's Statement**

Plaintiff seeks full recovery of the $100,000 policy plus attorney's fees and costs of suit.

1    Plaintiff further seeks punitive damages.

2            **2.      Defendant's Statement**

3        NYL disputes the relief sought by Plaintiff.

4    **12.    SETTLEMENT AND ADR**

5        Before Plaintiff filed the complaint and before removal, NYL sought to engage in settlement

6    discussions and conveyed a settlement offer to Plaintiff.  Plaintiff did not accept the settlement offer.

7    The Parties recently discussed alternative dispute resolution options and have filed a Stipulation to

8    participate in an Early Neutral Evaluation.  Dkt. No. 14.

9    **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

10       NYL filed a declination to proceed before a Magistrate Judge.

11   **14.    OTHER REFERENCES**

12       At this time, the Parties have not determined that the case is suitable for reference to binding

13   arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14   **15.    NARROWING OF ISSUES**

15       The Parties are not aware of any issues that can be narrowed at this time.

16   **16.    EXPEDITED TRIAL PROCEDURE**

17       The Parties agree this case should not be handled under an expedited trial procedure.

18   **17.    SCHEDULING**

19       Discovery Cut-Off:                March 2, 2020

20       Dispositive Motion Cut-Off:       June 1, 2020

21       Expert Disclosure:                June 29, 2020

22       Expert Rebuttal Disclosure:       July 24, 2020

23       Expert Discovery Cut-Off:         September 9, 2020

24       Final Pretrial Conference:        October 15, 2020

25       Trial:                            November 2, 2020

26   **18.    TRIAL**

27       Trial will be to a jury, and the parties anticipate that it will last 1-3 days.  The Parties do not

28

believe that this case warrants severance, bifurcation, or other ordering of proof.

## 19. DISCLOSURE OF NONPARTY INTERESTED ENTITIES OR PERSONS

### 1. Plaintiff's Statement

Plaintiff is currently in prison and special time restraints need to be met.

### 2. Defendant's Statement

NYL filed its Corporate Disclosure Statement and Certification of Interested Entities or Persons on June 14, 2019. Dkt. No. 2. NYL stated that no corporation owns 10% or more its stock and that other than the named Parties, there was no interest to report under Civil L.R. 3-15.

## 20. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. OTHER MATTERS

Other than an ENE, the Parties are not aware of any other matters that would facilitate the just, speedy, and inexpensive disposition of this matter.


Dated: September 5, 2019     LAW OFFICES OF JAMES A. THOMPSON


             By: /s/ James A. Thompson
               James A. Thompson

             Attorneys for Plaintiff
             TROY DAVIS


Dated: September 5, 2019     DRINKER BIDDLE & REATH LLP


             By: /s/ Katherine L. Villanueva
               Katherine L. Villanueva (*pro hac vice*)
               Matthew J. Adler

             Attorneys for Defendant
             NEW YORK LIFE INSURANCE COMPANY

## **Attestation Pursuant to Civil Local Rule 5-1(i)**

Pursuant to Civil Local Rule 5-1(i), I, Katherine L. Villanueva, hereby attest that I have obtained concurrence in the filing of this document from the other signatory to this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of September 2019 in Philadelphia, Pennsylvania.


/s/ Katherine L. Villanueva
Katherine L. Villanueva